UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH HESSEL a/k/a
MICHELLE HESSEL,

    Plaintiff,

v.                                              CASE NO. 8:06-CV-740-T-17MAP

MICHAEL J. ASTRUE[1],
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

    Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks judicial review of the Commissioner's decision denying his claim for period of disability and disability insurance benefits.[2] In summary, he argues the Administrative Law Judge ("ALJ") erred in 1) relying on the Plaintiff's appearance and demeanor at the hearing in finding that the Plaintiff's testimony was not fully credible; and 2) posing an incomplete hypothetical to the vocational expert ("VE"). After considering the Plaintiff's arguments, the Commissioner's response, and the administrative record, I find that a remand is necessary to further develop the record and remand for further administrative proceedings.

    *A. Background*

    The Plaintiff, who was 54 years old at the time of his administrative hearing, has an

---

[1] Michael J. Astrue replaced Jo Anne B. Barnhart as Commissioner of Social Security effective February 12, 2007.

[2] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 12).

eleventh grade education and prior work experience as a drag line operator at a phosphate mine, an assistant drag line operator, an oiler, and a company laborer driving trucks.[3] The Plaintiff alleges that he became disabled on August 26, 2002, due to vision problems and eye surgeries. Following a March 17, 2005, hearing, the ALJ denied benefits. On February 24, 2006, the Appeals Council denied review. The Plaintiff then filed this suit.

  B. *Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the Secretary must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his past relevant work. If the claimant cannot perform the tasks required of his prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. See *Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 C.F.R. § 404.1520(f).

---

  [3] The Plaintiff was born a hermaphrodite and has lived at different times as Kenneth or Michelle (R. 255–57). At the time of the hearing, he was using the name Michelle, but he is currently using the name Kenneth.

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*C.  The ALJ's Findings*

After summarizing the Plaintiff's medical history, the ALJ determined that the medical evidence indicated that the Plaintiff was blind in his right eye and had best visual acuity of 20/25 in his left eye using a contact lens, an impairment which is severe (R. 17). However, the ALJ determined that this impairment does not meet or equal in severity one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  The ALJ determined that the Plaintiff's testimony of totally disabling symptoms was not fully credible (R. 19). The ALJ based this determination in part on his observation of the Plaintiff during the hearing, stating:

> The claimant remained sitting during the approximate one hour hearing without any facial gestures or grimaces of pain noted, and no significant difficulty was observed other than turning her head at times to look through her left eye.  She somewhat exaggerated her symptoms and restrictions, which are not supported by medical signs or laboratory findings to the extent alleged.  At the end of the hearing, the claimant stood up and walked out of the courtroom with a normal gait

3

      and no difficulty observed. She held the door open with her right hand to step out
      and used no assistive device such as a walking stick (R. 19).

The ALJ found that the Plaintiff has the residual functional capacity to perform a restricted range of up to medium work activity, "with limitations for not being required to work around dangerous moving machinery or at open heights, drive motorized vehicles, or perform tasks requiring accurate binocular vision, including climbing ladders, scaffolds, and ropes" (R. 19). Given these limitations, the ALJ found that the Plaintiff was incapable of returning to his past relevant work (R. 20). However, relying on the testimony of the VE, the ALJ determined that there are a significant number of jobs in the national economy that the Plaintiff could perform, such as hand packager, cleaner, and ticket taker (R. 23). The ALJ noted that in response to a hypothetical from the Plaintiff's attorney, the VE testified that these jobs would be eliminated if the Plaintiff could see only gross objects during the last four hours of an eight-hour workday. However, the ALJ gave this hypothetical no weight, because this limitation was not supported by the record evidence (R. 21). Accordingly, the ALJ found that the Plaintiff is not disabled.

    *D. Discussion*

    Plaintiff claims that the ALJ improperly relied on his observations of the Plaintiff's appearance and demeanor at the hearing in rejecting the Plaintiff's complaints of cloudy vision, high maintenance for his contact lens, and an inability to wear the lens for a long period of time. Plaintiff testified that during a normal eight-hour work day, he would need to clean his lens about every 45 minutes, and even with the frequent maintenance, he would have cloudy vision during the last four hours of the work day (R. 264). He testified that these problems were so severe that he did not wear the lens at home, and he once threw a lens away (R. 265).

    The standard for evaluating subjective evidence of pain or other symptoms in disability

cases requires the ALJ to credit a claimant's subjective testimony if there is evidence of an underlying medical condition and either (1) objective medical evidence to confirm the severity of the alleged pain or (2) the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). While commonly called the "pain standard," this test applies to all subjective symptoms. *Id.* If the ALJ discredits testimony about subjective conditions, he must "articulate explicit and adequate reasons for doing so." *Id.* The articulated reasons for discrediting a claimant's testimony must be supported by substantial evidence. *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). If the articulated reasons are not supported by substantial evidence, the claimant's testimony must be accepted as true. *See id*.

An ALJ's observation of a claimant during a hearing cannot serve as the sole basis for rejecting a claimant's complaint of pain or other subjective symptoms. *See Norris v. Heckler*, 760 F.2d 1154, 1158 (11th Cir. 1985); *see also Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982) (rejecting the "sit and squirm" test of disability, in which "an ALJ who is not a medical expert will subjectively arrive at an index of traits which he expects the claimant to manifest at the hearing. If the claimant falls short of the index, the claim is denied."). However, an ALJ may consider the claimant's demeanor and appearance along with the medical evidence and other criteria. *See Norris,* 760 F.2d at 1158 ("In *Freeman*, we did not intend to prohibit an ALJ from considering the claimant's appearance and demeanor during the hearing. Rather, an ALJ must not impose his observations in lieu of a consideration of the medical evidence presented.").

The ALJ's finding that Plaintiff is not "fully credible" is not supported by substantial

evidence. In refusing to credit Plaintiff's complaints, the ALJ relied primarily on his observations of Plaintiff during the hearing. While an ALJ may consider a claimant's demeanor and appearance in the appropriate case, in this case the ALJ's observations establish nothing. Blurry vision and an inability to wear the lens for an extended period of time would not necessarily result in "facial gestures or grimaces of pain" or difficulty in leaving the courtroom. Moreover, the medical evidence supports Plaintiff's complaints. Plaintiff's medical records show he has consistently complained of cloudy vision and too much maintenance (R. 215–19), and Plaintiff's treating optometrist opined that cloudiness and frequent maintenance are reasonable side effects given Plaintiff's medical condition (R. 239). Thus, I find ALJ improperly discounted Plaintiff's complaints of cloudy vision, frequent maintenance for his contact lens, and an inability to wear the lens for extended periods. On remand, the ALJ should take these symptoms into account in determining Plaintiff's residual functional capacity and in posing a hypothetical to the VE.[4]

*E. Conclusion*

For the reasons stated, it is hereby

ORDERED:

---

[4] In addition to arguing that the hypothetical was incomplete because it failed to include restrictions relating to blurred vision and an inability to wear the lens for extended periods, Plaintiff alleges that the hypothetical should have included a restriction on reading, especially reading fine print. The ALJ's hypothetical did include a limit for "working with tiny objects or reading fine print" (R. 267). However, according to the Dictionary of Occupational Titles ("DOT"), two of the three jobs identified by the vocational expert require near acuity – hand packager (up to 1/3 of the time) and ticket taker (1/3 to 2/3 of the time). *See* DOT 920.587-018 and DOT 344.667-010. The ALJ should attempt to resolve any conflict between the DOT and the vocational expert's testimony on remand. *See* SSR 00-4p (requiring the ALJ to "elicit a reasonable explanation" for apparent conflicts between the testimony of a VE and the DOT).

1. The Commissioner's decision is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

2. The Clerk of Court is directed to enter judgment for the Plaintiff.

DONE AND ORDERED at Tampa, Florida on August 10, 2007.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record